*466 The opinion of the Court was delivered by
Rogers, J.
The rules obtained in this case, involve two questions, which depend upon the construction of the act of the 5th of April, 1834, incorporating the Philadelphia Savings Institution.
1. Is a stockholder, a member of the corporation, and as such entitled to participate in its business 1 ■ 1
2. Does he cease to be a member when he ceases to be a stockholder 1
In relation to the power of admitting members of a corporation, as is said in Angel and Ames on Corporations, 62, reference must often be had to the provisions and spirit of the'charter; and when the charter is silent, we must look to the provisions of the common law, and to the particular nature and purpose of the corporation. In certain corporations, (such for example as religious, charitable, and literary,) the number of members is often limited by charter; and whenever there is a vacancy, it is usually filled by a vote of the company. As regards trading and joint stock operations, no vote of admission is requisite; for any person who owns stock therein, either by original subscription or by conveyance, is in general entitled to, and cannot be refused the rights and privileges of a member. Gray v. Portland, (3 Mass. R. 364.) King v. Bank of England, (Doug. 524.) In monied institutions, such as banks, insurance, canal, and turnpike companies, &c. the mere owning of shares in the stock of the corporation, gives a right of voting; and a stockholder ceases to be a member by a transfer of stock. There is then this marked distinction arising from the nature of the corporation. In the one case, a pecuniary interest is the evidence of membership; whilst the affairs of religious, charitable or literary institutions, are committed to those who have no pecuniary interest whatever in their management. If this were a corporation of the former description, it would greatly strengthen the argument of the respondent’s counsel, but I cannot view it in that light, but look upon this and all institutions of a like kind, as partaking of the nature of a charity, where the professed object is to advance the interests of the poor and helpless. The object of this institution is declared to be, to receive from time to time, from all persons disposed to entrust them therewith, such funds as may be deposited with them, and for which they are to pay to the depositors such rates of interest, as may be from time to time agreed upon by the directors. These deposits, as is well known, are made in small sums by the poor; and the institution is professed to be more especially for their benefit. In aid of this object, and as subsidiary to it, the Legislature in the third section directs, that for the security of the depositors, &c., it shall be the duty of the persons before named, and of their associates, to raise a capital, &c. of not less than $200,000, in shares of #25 each; which capital is to be at *467 all times liable to the depositors for the amount of their deposits and the interest.
In other .institutions of the like kind, the latter provisions are' omitted: they were manifestly introduced into this charter, not for the benefit of the stockholders, but as an additional security or pledge to the depositors. As an inducement to make this investment, in the sixth section, the corporation is authorized to invest its funds “in public stocks of this State, or the United States, or real securities, or in the discount of notes and personal securities and in the seventh section, the directors are authorized to declare a dividend of the interest and profits of the corporation, after paying its expenses, and to pay it over to the stockholders, or their legal representatives. It seems to me, most clear, that the Legislature had no intention of establishing a joint stock company, but that there was a mere modification or change in the provisions usually inserted in the charters of savings fund institutions.
But at any rate, these rules of construction only apply when the charter is silent. So that in this, as in every other case, we must look to the act itself, having regard to the particular nature and purpose of the corporation. In the charter there are antagonist interests; the interest of the stockholders is in some measure in opposition to the interest of the depositors. It is for the benefit of the one to decrease, and of the other to increase the rate of interest on deposits; and hence, there may be a peculiar propriety in the Legislature to entrust the control of the funds to persons who have no pecuniary interest in the corporation. At least, I perceive nothing in this, of which the stockholders have any right to complain. If the stockholders have the exclusive management of the institution, for which the respondents contend, a temptation .is held out to 'divert the institution from its original and primary object, and convert it into a bank, differing only in the fact, that it is a bank of discount and deposit, and not of circulation. Besides, if a pecuniary interest is the only criterion of membership, it may with equal plausibility be said, that the depositors are members also, and as such entitled to participate in its management. In the first section it is enacted “ that the persons therein named, and all and every other person or persons, hereafter becoming members of the Philadelphia Savings Institution, in the, manner hereafter mentioned, shall be, and are hereby created and made a corporation by the name and style of the Philadelphia Savings Institution.” The manner in which they can become members, is pointed out in the fifth section. Among other matters, the directors have power to provide for the admission of members and furnishing proofs of such admission. This, we conceive, to be inconsistent with the idea, that a stockholder is ipso facto a member of the corporation ; for if so why confer the power to provide for the admission of members ? The Legislature do not confine the power to furnishing proofs of the admission *468 of members, but they in express words, grant the power to admit members of the corporation. This we conceive, to be an authority to elect such persons as members, as they may deem- best fitted to carry into effect the objects of the charter. The respondent’s case alsoderives additional strength from the seventh section. A distinction is there taken between a member of the corporation, and a stockholder. It is made the duty of the directors, to appoint from the members of the corporation, five competent persons as a committee of examination to investigate the affairs of the corporation; and in the same section, to declare a dividend, &c. and to pay the same over to the stockholders, or their legal representatives. Why, it has been asked, this change of phraseology, if a stockholder, as such, is a member of the corporation 1 -It is also worthy of remark, that the Legislature wholly omit to regulate the right of voting; a regulation always introduced in all joint-stock incorporations. It is the uniform policy to limit the number of votes to which stockholders may be entitled, in all such companies; a limitation which would riot have been omitted, had the Legislature conceived this to be an institution of that description.
Reliance has been placed on the word “ associates,” in the third section, which the counsel for the commonwealth says, must refer to stockholders. This is an argument not without plausibility. This section makes it the duty of the persons named in the act, and of their associates, to raise a capital of not less than $200,000; but iri what manner this is to be effected, is left to their discretion. It would seem to be the intention of the Legislature to give power to admit members before, as well as after the capital was raised; and indeed they might have required the aid of others than those named, to effect this result. I see nothing in the act which forbids this; but I think a fair construction of this part of the charter, shows that this power was intended to be given. If so, this is an argument to show that a monied interest., is not an indispensable condition of membership.
It is said, that the directors have passed a by-law, that every member, who shall cease to be a stockholder, shall cease to be a member. Whether this be so or not, is of little importance; for although the charter give authority to the directors to admit members, there is none given to disfranchise them. A by-law may modify and change the constitution of a corporation, but cannot alter it. It may regulate in a reasonable manner, the exercise of a right in the internal affairs of a corporation, in the conduct ofits members, or the mode by which a person is admitted to the exercise of a right to which he has an inchoate title; but it cannot take away a right, or impose any unreasonable restraint in the exercise of it. 2 Kyd on Corporations, 107, 122.
Rules discharged.